UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY SANSON,<br><br>　　　　Plaintiff,<br><br>– against–<br><br><br>CARSON SMITHFIELD LLC,<br><br>　　　　Defendant(s). | Docket No.<br><br><br><br>**COMPLAINT** |

Comes now PLAINTIFF, TROY SANSON, by and through his attorney, Sachin Shah, for his Complaint against Defendant CARSON SMITHFIELD LLC, and states as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### PARTIES

2. Plaintiff, TROY SANSON, is an adult residing in NEW BERLIN, IL.

3. Defendant CARSON SMITHFIELD LLC is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 80 State Street, Albany, NY, 12207-2543. CARSON

SMITHFIELD LLC's registered agent, The Corporation Trust Company, is located at 1209 Orange Street, Wilmington, DE 19081. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

6. Defendant CARSON SMITHFIELD LLC ("CARSON") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Merrick.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. CARSON called Plaintiff four times on December 21, 2013, from phone number 877-394-5975, for the purpose of harassing Plantiff, in violation of the FDCPA.

9. CARSON knew or should have known that its actions violated the FDCPA. Additionally, CARSON could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

10. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and

course of their employment, and under the direct supervision and control of the Defendants herein.

11. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

**CLAIM FOR RELIEF**
(Fair Debt Collection Practices Act)

12. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 herein.

13. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

14. Defendant CARSON violated provisions of the FDCPA, including, but not limited to, the following:

15. The FDCPA § 1692d(5) prohibits causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

16. CARSON violated this provision by calling Plaintiff four times on December 21, 2013, for the purpose of harassing Plaintiff.

17. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000 be entered against Defendant as follows:

1) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4) That the Court grant such other and further relief as may be just and proper.

Dated: January 22, 2014

Respectfully Submitted,

*/s/ Sachin Shah*
Sachin Shah, Esq.
Law Offices of Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 1310
New York, NY 10004
(866) 707-4595
Attorney for Plaintiff